UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LPR CONSTRUCTION CO., LLC,<br><br>Plaintiff,<br><br>vs.<br><br>H.M.E., INC.; BERKLEY INSURANCE COMPANY,<br><br>Defendants,<br><br>UNITED STATES OF AMERICA, for the use and benefit of H.M.E., Inc.; BERKLEY INSURANCE COMPANY; H.M.E., INC., individually,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>WALSH FEDERAL, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Third-Party Defendants,<br><br>KROESCHELL ENGINEERING CO., INC.,<br><br>Interested Party. | 5:25-CV-05097-ECS<br><br><br>ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS, GRANTING THIRD-PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, AND STAYING LITIGATION |

The United States, acting through the US Air Force, US Army Corps of Engineers, Omaha District, contracted with Third-Party Defendant Walsh Federal, LLC for the construction, alteration, or repair of public buildings or public work at the Ellsworth Air Force Base (Ellsworth AFB) in South Dakota.[1] Doc. 12 ¶ 12. Walsh obtained a payment bond from Third-Party

---

[1] This Court recites the facts from the Complaint and Third-Party Complaint merely to provide context to the pending motion

Defendant Travelers Casualty and Surety Company of America. Id. ¶ 16. Walsh contracted with Defendant/Third-Party Plaintiff H.M.E., Inc. to perform structural steel fabrication and erection work at Ellsworth AFB. Id. ¶ 19; Doc. 1 ¶ 7. H.M.E. secured a surety bond with Defendant/Third-Party Plaintiff Berkley Insurance Company (BIC). Doc. 1 ¶ 8. Plaintiff LPR Construction Co., LLC entered into a contract with H.M.E. for LPR to perform duties related to steel erection at Ellsworth AFB. Id. ¶ 10. Following completing of its work at Ellsworth AFB, LPR filed suit against H.M.E. and BIC due to not receiving full payment. See generally id. H.M.E., BIC, and the United States (collectively, "Third-Party Plaintiffs") on behalf of H.M.E. filed a third-party complaint against Walsh and Travelers (collectively, "Third-Party Defendants"). Doc. 12. Walsh and Travelers move to dismiss the third-party complaint or in the alternative, compel arbitration and stay the claims against them pursuant to the Federal Arbitration Act (FAA). Doc. 31.

The FAA reflects a national policy favoring arbitration. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 345–46 (2011). "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." Id. at 344 (citation modified). So, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." Smith v. Spizzirri, 601 U.S. 472, 478 (2024). A dispute is arbitrable if a valid agreement between the parties says so. Foster v. Walmart, Inc., 15 F.4th 860, 862 (8th Cir. 2021); see 9 U.S.C. § 2. Under the FAA,

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid,

2

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Walsh and Travelers move to dismiss the claims against them or compel arbitration and stay the litigation. Doc. 31. The contract between Walsh and H.M.E. states that "[a]ny controversy or claim of Contractor [Walsh] against Subcontractor [H.M.E.] or Subcontractor [H.M.E.] against Contractor [Walsh] or its surety [Travelers] pertaining to the Project, shall, at the option of Contractor [Walsh] or Contractor's surety [Travelers] and at any time, be resolved by arbitration." Doc. 31-1 at 3. There is no dispute that the agreement to arbitrate is valid, that the claims are within the scope of the agreement, and that the agreement involves commerce and therefore is governed by the FAA. Doc. 32 at 7; Doc. 36 ¶ 2. This Court has independently reviewed the requirements for the FAA to apply and is satisfied that the FAA applies to compel arbitration between Third-Party Plaintiffs and Third-Party Defendants.

H.M.E. argues that because Walsh triggered the arbitration provision in their agreement, LPR's claims against Defendants are arbitrable because of the pass-through/flow down provision incorporating the H.M.E./Walsh contract. Doc. 36 ¶ 3. Defendants further argue that "[t]he Court is only empowered to stay this case, unless LPR disagrees that its dispute with HME is arbitrable in which case the litigation must continue to proceed although the Walsh claims against HME would be stayed." Id. ¶ 4. Although H.M.E. argues that its contract with LPR subjects LPR's claims to arbitration, the contract between H.M.E. and LPR is not in the Court's record. Regardless, LPR has indicated its consent and willingness for the entirety of the case to be stayed and submission of all issues to arbitration. Doc. 35 ¶ 6 ("L.P.R. has no objection to a stay in this litigation, including its claims, and to the submission of all issues in this matter to an arbitration proceeding as agreed to by the parties."). Defendants/Third-Party Plaintiffs also

indicate their consent to arbitrate all claims. Doc. 36 ¶ 5 ("cross-mov[ing] to stay the Walsh claims, to arbitrate the LPR claims, and, subject to the parties' concurrence that the LPR claims are arbitrable, to stay the case as a whole"). "Third-Party Defendants are amenable to the requests by Third-Party Plaintiffs and LPR to stay this action pending arbitration of all claims." Doc. 37 at 2. Therefore, all parties have consented to staying this case pending arbitration of all claims.

Accordingly, it is

ORDERED that Third Party Defendants' Motion to Dismiss, Doc. 31, is denied. It is further

ORDERED that Third Party Defendants' Motion to Compel Arbitration and Stay Litigation, Doc. 31, is granted. Pursuant to 9 U.S.C. § 3 and the consent of the parties, the Court stays this entire case and refers all claims to arbitration. The parties shall inform the Court about the status of the case once arbitration is complete.

DATED April 8, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE